NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0427n.06

No. 12-5613

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 29, 2013*
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

       v.

YONI ALBERTO BARAHONA-SALES,

    Defendant-Appellant.

On Appeal from the United
States District Court for the
Middle District of Tennessee

———————————————————————/

**Before:**     **BATCHELDER, Chief Judge; GUY and BOGGS, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**   On May 11, 2012, the defendant, Yoni Alberto Barahona-Sales, was convicted of unlawful reentry into the United States by a removed alien subsequent to the commission of a felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He was sentenced to 96 months of imprisonment, with three years of supervised release. At sentencing, the judge also imposed a twelve-month prison sentence (to run concurrently with his 96-month sentence) because Defendant had violated the terms of his supervised release. At the time of sentencing, Defendant was serving a ten-year prison sentence for an assault conviction in Tennessee.

Defendant appeals his conviction and sentence claiming that: (1) the district court erred in admitting his statements to immigration officials because such statements were not voluntarily made; and (2) the court committed procedural and substantive errors at sentencing. We affirm Defendant's conviction but vacate and remand his sentence so that the Court may address Defendant's request that his federal sentence be served concurrently with his state court sentence.

## I.

On December 16, 2009, Defendant, a Honduran citizen, was charged with unlawful reentry into the United States by a removed alien subsequent to the commission of a felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Prior to trial, Defendant filed a motion in limine to exclude two statements that he made to United States Immigration and Customs Enforcement ("ICE") agents, challenging the voluntariness of such statements.

The first statement, made on February 14, 2006, involved a written sworn statement Defendant made to an ICE agent who was processing his removal from the United States. In that statement, Defendant admitted that he was a citizen of Honduras and that he was present in the United States without authorization. Prior to the Defendant's executing this statement, the ICE agent asked Defendant a series of questions concerning his citizenship and the circumstances surrounding his presence in the United States. The agent then Mirandized Defendant. The second statement involves another sworn written statement, which Defendant made on August 20, 2008, when Defendant admitted that he was a citizen of Honduras and

present in the United States without authorization. On the form, Defendant indicated that such statement was "freely and voluntarily" given.

After conducting a "jury out" hearing pursuant to 18 U.S.C. § 3501, the district court judge ruled that the statements were voluntary and admissible. On February 1, 2012, a jury convicted Barahona-Sales of the charge and he was later sentenced to 96 months of imprisonment.

At the time of sentencing, Defendant was serving a ten-year sentence for an assault conviction in Tennessee. His attorney requested that the district court run his federal sentence concurrently with that state court sentence. The district judge failed to address this request.

## II.

### A.    Voluntariness of Barahona-Sales' Statements

We review the district court's findings of fact with respect to the voluntariness of Defendant's statements for clear error, and its ultimate legal conclusion as to voluntariness de novo. *See United States v. Al-Cholan*, 610 F.3d 945, 953 (6th Cir. 2010). "Statements made in response to custodial police interrogation must be suppressed unless the suspect first waived his *Miranda* rights 'voluntarily, knowingly and intelligently.'" *Id.* at 954 (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). The government bears the burden of proving, by a preponderance of the evidence, that the confession was voluntary. *United States v. Mahan*, 190 F.3d 416, 422 (6th Cir. 1999). Defendant claims that the government failed to meet this burden because it did not establish that he understood the warnings that were given

and, alternatively, that both statements were the result of impermissible "*Miranda*-in-the-middle" questioning (where interrogators question first and warn later) in violation of *Missouri v. Seibert*. 542 U.S. 600 (2004).

We inquire into the "totality of the circumstances surrounding the interrogation" to determine whether the Defendant voluntarily waived his rights. *Fare v. Michael C.*, 442 U.S. 707, 725 (1979). This requires us to consider the Defendant's age, experience, education, background, and intelligence, and his capacity to understand the *Miranda* warning. *Id.* We review the evidence in the light most favorable to the government. *United States v. Fowler*, 535 F.3d 408, 417 (6th Cir. 2008).

**1.      The 2006 Statement**

The district court ruled that Defendant's 2006 statement was voluntary. At the "jury out" hearing, the evidence established that the ICE agent read Defendant a *Miranda* warning in Spanish, and provided him a written *Miranda* warning in both English and Spanish. The court found that Defendant spoke English, there was no evidence that he did not understand the warnings, and the Defendant was "cooperative and cordial" during the interview. Reviewing such findings for clear error, we find none. *See Al-Cholan*, 610 F.3d at 953.

Defendant's age, experience, and background also support a finding of voluntariness. At the time, Defendant was 25 years old and had considerable experience with the U.S. criminal justice system. Given that there was no evidence of coercion or evidence that the police had reason to believe that Defendant misunderstood the warnings, we have no basis to

invalidate the *Miranda* waiver. *See id.*, 610 F.3d at 954 (citing *Garner v. Mitchell*, 557 F.3d 257, 263 (6th Cir. 2009) (en banc)). The government met its burden to prove the voluntariness of the 2006 statement.

### 2. The 2008 Statement

The district court ruled that Defendant's 2008 statement was voluntary. The court found that there was no evidence of coercion and that Defendant acknowledged that he made the statement freely and voluntarily. We find no clear error in such findings. The Defendant's age, experience, and background, referenced above, also support a finding of voluntariness. At that time, Defendant was 27 years old, spoke English, and had acquired more experience with the U.S. criminal justice system than he had in 2006. We find that the government met its burden to prove voluntariness of the 2008 statement.

### 3. Miranda-In-The-Middle

Defendant argues that both statements were the result of impermissible "*Miranda*-in-the-middle" questioning (where interrogators question first and warn later) in violation of *Missouri v. Seibert*. 542 U.S. 600 (2004). There was no evidence of such tactics in relation to Defendant's 2008 statement. As to Defendant's 2006 statement, there was evidence that the ICE agent, prior to Mirandizing Defendant, attempted to complete an I-213 form to process Defendant's removal proceedings. To complete that form, the agent inquired into Defendant's name, citizenship, parents' citizenship, and when he last entered the United States. Defendant argues that such questions, although biographical in nature, implicate

*Miranda* because they were likely to elicit an incriminating response in this context. *See United States v. Pacheco-Lopez*, 531 F.3d 420, 424 (6th Cir. 2008) (holding that police were required to Mirandize the defendant prior to asking him where he was from, how he had arrived at the crime scene, and when he arrived, because such questions were "reasonably likely to elicit an incriminating response" under the circumstances.)

We need not decide this issue because any error in admitting the 2006 statement was harmless beyond a reasonable doubt. *See Arizona v. Fulminante*, 499 U.S. 279, 295 (1991) (applying harmless error analysis to coerced confessions if the court determines the error is harmless beyond a reasonable doubt). Although the 2006 statement provided evidence that Defendant was an unauthorized alien who had been previously removed from the United States (both of which were elements of the crime for which he was ultimately convicted), he admitted the same information in his 2008 statement. Although not conclusive proof, numerous other records from the United States Citizenship and Immigration Services and Defendant's alien file identified Defendant as an unauthorized alien who had been previously removed from the United States.[1] The 2006 statement was therefore cumulative and unnecessary to establish the government's case. *United States v. Daniel*, 932 F.2d 517, 521

---

[1] A district records manager for the United States Citizenship and Immigration Services testified that Defendant was not a citizen or permanent resident of the United States, and that he had not applied for permission to reenter the United States. An ICE agent testified that he reviewed Defendant's alien file in 2009 and, based on that file, determined that Defendant was then unlawfully present in the United States. The government also admitted a 2008 removal order, which effected Defendant's 2008 deportation, identifying Defendant as an alien, and prohibiting him from reentering the United States without special permission.

(6th Cir. 1991) (holding that admission of an involuntary statement was harmless error where such statement was merely cumulative and unnecessary to establish the government's case).

**B.      Procedural Error at Sentencing**

Defendant argues that the district court committed procedural error at sentencing by: (1) failing to consider Defendant's mitigation argument in its consideration of his variance request (i.e., his desire to return to Honduras due to his parents' failing health); and (2) failing to address his request that his federal sentence be served concurrently with his ten-year state court sentence.

Although we find no merit in Defendant's first argument, we agree that the district court was required to address Defendant's request for a concurrent sentence. We note at the outset that a, "challenge to a court's decision to impose a consecutive or a concurrent sentence is not easily classified as 'substantive' or 'procedural.' This is so because an evaluation of the substantive reasonableness of a decision to impose a consecutive sentence depends heavily upon an evaluation of the procedural reasonableness." *United States v. Berry*, 565 F.3d 332, 342 (6th Cir. 2009). However, because U.S.S.G. § 5G1.3 gives the district court discretion to impose consecutive or concurrent sentences, our review is for an abuse of discretion. *United States v. Covert*, 117 F.3d 940, 945 (6th Cir. 1997).

"A district court has the discretion to impose consecutive or concurrent sentences pursuant to [U.S.S.G.] § 5G1.3, upon consideration of the factors listed in 18 U.S.C. § 3553(a) and the applicable guidelines and policy statements in effect at the time of sentencing." *Id.*

(footnote omitted); *see also* 18 U.S.C. § 3584(a). This discretion is not unlimited – "the record on appeal should show that the district court turned its attention to [U.S.S.G.] § 5G1.3(c) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence." *Id*; *see also* 18 U.S.C. § 3584(b).

We find no evidence that the district court considered Defendant's request for a concurrent sentence. Defendant requested a concurrent sentence in his sentencing memorandum, during oral argument, and during allocution. The district court failed to acknowledge such request or otherwise address whether his federal sentence would run consecutively or concurrently with his state-court sentence. Neither the pre-sentence investigation report nor the government addressed the issue.[2]

Although we do not require that the district court follow a specific methodology for reviewing a concurrent sentence request or that the court specifically invoke a departure from the guidelines, *see id*., we do require some evidence that the court was aware of the request and considered it, *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012). As we explained in *United States v. Cochrane*:

---

[2] The government acknowledged that the Defendant was sentenced to serve ten years for the state-court conviction. At the hearing, Defendant was being sentenced for both the unlawful reentry conviction and for violating the terms of his supervised release. The government stated that it, "would seek a sentence of at least 92 months on [the] new case and at least 18 months consecutive on the other case." Given that the government's argument focused on why the supervised release violation should run consecutively to the unlawful reentry sentence, the government's reference to "the other case," in this context, refers to the supervised release violation. As to such request, the district court stated: "I . . . strongly state that that [*sic*] he should get credit [for his state court sentence] for [*sic*] November 18, 2010[,] when he was continuously detained on the federal warrant."

> What the district court may not do is say nothing at all. When deciding to impose consecutive sentences, we hold that a district court must indicate on the record its rationale, either expressly or by reference to a discussion of relevant considerations contained elsewhere. Otherwise, meaningful appellate review becomes impossible.

Because there is no indication that the district court even considered Defendant's request for a concurrent sentence, we must vacate the sentence and remand to the district court to address such request. *See id*.

## C.    Substantive Error at Sentencing

Defendant received a within-guidelines sentence of 96 months of imprisonment for his unlawful reentry conviction and a sentence of 12 months of imprisonment for violating the terms of his supervised release, which the judge ordered served concurrently with his 96-month sentence. The defendant challenges the substantive reasonableness of that sentence, which we evaluate for an abuse of discretion. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). Because Defendant's sentence was a within-guidelines sentence, we apply a rebuttable presumption of substantive reasonableness. *Id*.

Defendant claims that the district court gave unreasonable weight to the need for deterrence and failed to consider evidence that Defendant was needed back in Honduras to care for his elderly parents. The record belies Defendant's claims. The district court, in addition to considering all the relevant § 3553(a) factors, thoroughly considered Defendant's argument and rejected it. We find no merit to Defendant's claim of substantive error.

Conviction **AFFIRMED**.  The sentence is **VACATED** and the matter **REMANDED** for resentencing, consistent with this opinion.